IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DO NO HARM,<br><br>                    Plaintiff,<br><br>     v.<br><br>GREGORY GIANFORTE, in his official capacity as Governor of the State of Montana,<br><br>                    Defendant. | No. 6:24-cv-00024-BMM-KLD<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Plaintiff Do No Harm brought this action challenging the constitutionality of a Montana statute governing gender and racial balance on appointive boards, commissions, committees, and councils of state government. (Doc. 1.) Defendant Governor Gregory Gianforte ("the Governor") filed a Motion to Dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 26).

Judge DeSoto issued Findings and Recommendations on January 10, 2025. (Doc. 32.) Judge DeSoto determined that Plaintiff did not allege facts to show a concrete and particularized injury-in-fact to establish Article III standing. (Doc. 32

1

at 19.) Judge DeSoto found further that Plaintiff's claims were not ripe. (*Id.* at 20–21.)

Judge DeSoto recommends that the Court grant the Governor's Motion to Dismiss for lack of subject matter jurisdiction. (Doc. 26.) Judge DeSoto recommends further that the Governor's Motion to Dismiss the original Complaint be denied as moot. (Doc. 19.) Plaintiff filed objections to Judge DeSoto's Findings and Recommendations on January 24, 2025. (Doc. 33.)

The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error all other findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in reargument of the same arguments made in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Plaintiff's objections advance the same arguments they raised in their response to the Governor's motion to dismiss. (*See* Doc. 28; Doc. 33.) Plaintiff largely reiterates their Article III standing argument that they have met the injury-in-fact pleading requirement. (*See* Doc. 28 at 7–15; Doc. 33 at 4–14.) Plaintiff also

2

essentially repeat their ripeness argument. (*See* Doc. 28 at 15–18; Doc. 33 at 16.) The Court reviewed Judge DeSoto's Findings and Recommendations for clear error. Judge DeSoto's standing analysis focused correctly on the injury-in-fact prong required to establish standing. (Doc. 32 at 5.) The Court finds no error.

A plaintiff must meet three requirements to have Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must show first that they have suffered an injury. *Friends of the Earth, Inc. v. Laidlaw Ent'l Serv., Inc.*, 528 U.S. 167, 180–81 (2000). The injury must be a "concrete and particularized . . . invasion of a legally protected interest" that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560–61. A plaintiff must show second that their injury "fairly can be traced to the challenged action of the defendant, and not an injury that results from the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976). A plaintiff must show finally that the injury is "likely to be redressed by a favorable decision." *Simon*, 436 U.S. at 41–42. Redressability "must be likely, as opposed to merely speculative." *Lujan*, 504 U.S. at 561 (internal quotations and citation omitted).

The injury-in-fact requirement in discriminatory barrier cases requires a plaintiff to demonstrate that they "are 'able and ready' to pursue the opportunity at issue." *Loffman v. California Department of Education*, 119 F.4th 1147, 1159 (9th

3

Cir. 2024) (quoting *Carney v. Adams*, 592 U.S. 53, 60 (2020)). Judge DeSoto noted that a plaintiff "lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit." *Friery v. Los Angeles Unified Sch. Dist.*, 448 F.3d 1146, 1149 (9th Cir. 2006) (citing *Madsen v. Boise State University*, 976 F.2d 1219, 1220–21 (9th Cir. 1992)). *Madsen* proves instructive.

The plaintiff in *Madsen* brought a § 1983 action against Boise State University for failing to offer free handicap parking permits on campus. 976 F.2d at 1220. The Ninth Circuit affirmed the district court's decision that the plaintiff lacked standing because he never applied for a permit. *Id.* at 1220–21. The Ninth Circuit noted that "there is a long line of cases" supporting the assertion that a plaintiff lacks standing if they do not apply "for the desired benefit." *Id.* (citing in support cases from the United States Supreme Court and other Circuits).

Plaintiff does not allege that any of its members applied or even intended to apply to the Board of Medical Examiners. (*See* Doc. 25.) Plaintiff's allegations fail for this reason. Plaintiff could overcome this failure by showing that the "application would be futile," but they do not allege such facts. *Ellison v. American Board of Orthopedic Surgery*, 11F.4th 200, 205 (3d Cir. 2021) (citing *Carney*, 592 U.S. at 67); (*see* Doc. 25).

4

The Court finds no error with Judge DeSoto's legal conclusion. The Court will dismiss Plaintiff's Complaint without prejudice to allow Plaintiff to amend.

Accordingly, **IT IS ORDERED** that Judge DeSoto's Findings and Recommendations (Doc. 32) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that the Governor's Motion to Dismiss (Doc. 26) is **GRANTED**. Do No Harm's Amended Complaint (Doc. 25) is **DISMISSED without prejudice**. The Governor's Motion to Dismiss (Doc. 19) the original Complaint is **DENIED as moot**.

DATED this 5th day of February, 2025.

_____
Brian Morris, Chief District Judge
United States District Court