Samantha Romero (Cal. Bar No. 344476\*)
Ethan Blevins (Mont. Bar No. 37415893)
Caleb R. Trotter (Cal. Bar No. 305195\*)
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
SRomero@pacificlegal.org
EBlevins@pacificlegal.org
CTrotter@pacificlegal.org
Telephone: (916) 419-7111
\* *Pro hac vice*

Matthew G. Monforton (Mont. Bar No. 5245)
MONFORTON LAW OFFICES, PLLC
32 Kelly Court
Bozeman, MT 59718
matthewmonforton@yahoo.com
Telephone: (406) 570-2949

*Attorneys for Plaintiff Do No Harm*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| DO NO HARM,<br><br>                    Plaintiff,<br><br>        v.<br><br>GREGORY GIANFORTE, in his official capacity as Governor of the State of Montana,<br><br>                    Defendant. | Case No.: 6:24-cv-00024-BMM-KLD<br><br>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION PURSUANT TO RULE 60(a), OR IN THE ALTERNATIVE, TO VACATE JUDGMENT PURSUANT TO RULE 59(e) or 60(b) |

1

Plaintiff Do No Harm, by and through its attorneys of record, hereby submits this Brief in Support of its Motion for Clarification Pursuant to Rule 60(a) or in the Alternative, to Vacate Judgment Pursuant to Rule 59(e) or 60(b).

## Background

On January 10, 2025, Magistrate Judge DeSoto recommended that Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 26) be granted. ECF No. 32. Do No Harm filed its Objection to the findings and recommendation on January 24, 2025. ECF No. 33. In its Objection, Do No Harm requested leave to amend should the District Court grant the Motion to Dismiss. *Id.* at 17. On February 5, 2025, the District Court ordered Judge DeSoto's findings and recommendations be adopted in full. ECF No. 36 at 5. The Court thus dismissed Do No Harm's First Amended Complaint "without prejudice to allow Plaintiff to amend." *Id.* Judgment was entered the same day. ECF No. 37.

Consistent with Do No Harm's Objection, it intends to amend its complaint to address issues raised in Judge DeSoto's findings and recommendations, as well as the District Court's subsequent adoption of those findings. However, because judgment has been entered, *see* ECF

No. 37, Do No Harm cannot simply amend without leave from the Court or with Defendant's consent. *See* Fed. R. Civ. P. 15(a). Thus, Do No Harm moves for the Court to clarify its Order (ECF No. 36) and Judgment (ECF No. 37) pursuant to Fed. R. Civ. P. 60(a) to grant Do No Harm leave to amend its First Amended Complaint and to withdraw the Judgment (ECF No. 37) to allow such amendment. Alternatively, Do No Harm moves to set aside or vacate the Judgment pursuant to Fed. R. Civ. P 59(e) or 60(b) to allow Do No Harm to seek leave or consent to amend its complaint.

## Legal Authority to Clarify the Order and Judgment

"Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment[.]" *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012). The rule does not permit revisions to the judgment that reflect "new and subsequent intent[.]" *Id.* at 1080 (quoting *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992)). Its "touchstone" is "fidelity to the intent behind the original judgment . . . *plus the necessary implications*." *Id.* at 1078 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) (emphasis added in *Garamendi*)).

Here, the Court dismissed Do No Harm's First Amended Complaint without prejudice, to allow Plaintiff to amend. ECF No. 36 at 5. Thus, its intent was to grant Do No Harm leave to amend, as requested by Do No Harm in its Objection to Magistrate Judge DeSoto's findings and recommendation (ECF No. 33). But due to the entry of judgment, ECF No. 37, Do No Harm can no longer amend. *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996), *as amended* (Sept. 4, 1996). The Court's intent necessarily implies that judgment should have been delayed to give Do No Harm time to amend.  A reasonable clarification of the Order and Judgment would assign Do No Harm a deadline by which to amend, and, if Plaintiff failed to meet this deadline, then final judgment dismissing the case would be entered.

### Legal Authority to Set Aside or Vacate the Judgment

A district court may not grant a post-judgment motion to amend the complaint unless the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b). 6 Charles Allen Wright et al., *Federal Practice & Procedure* § 1489 (2024 3d ed.); *see also Lindauer*, 91 F.3d at 1357.

Rule 59(e) permits a district court to alter or amend a previous judgment. Despite the "alter or amend" language, it also permits a court

to set aside or vacate a judgment. *Foman v. Davis*, 371 U.S. 178, 181 (1962). These motions are to be granted "sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59 proceedings allow a district court to "correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Bank of Bozeman v. BancInsure, Inc.*, No. CV-08-05-BU-CSO, 2009 WL 10677366, at *2 (D. Mont. Oct. 8, 2009) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).

Both the interest of finality and conservation of judicial resources support setting aside the Judgment here. Allowing Do No Harm to amend its First Amended Complaint poses no threat to any party's reliance on the finality of the case. The case was dismissed without prejudice, thus leaving open the possibility for Do No Harm to file a new complaint. Yet initiating a brand new case by filing a new complaint—rather than simply amending the First Amended Complaint—would run counter to the interests of resource conservation and mitigation of burdens on courts, as well as the parties. Reopening this case by setting aside or vacating the judgment would streamline proceedings by avoiding

duplicative proceedings and by preserving prior filings and judicial familiarity with the case.

Alternatively, Federal Rule of Civil Procedure 60(b) permits a district court to vacate and provide relief from final judgment for several reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b)(6) provides the courts with "discretion and power to vacate judgments" when "appropriate to accomplish justice." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 445 (9th Cir. 2019) (internal quotation marks omitted). For reasons similar to those discussed above, justice is better accomplished by vacating the Judgment to allow Do No Harm to amend its First Amended Complaint rather than begin these proceedings anew.

## Conclusion

Based on the foregoing, Plaintiff requests that the Court clarify, set aside, or vacate its Judgment to allow Plaintiff to amend the First Amended Complaint or seek leave or consent to amend its complaint.

DATED: February 28, 2025.

Respectfully submitted,

/s/ *Matthew G. Monforton*
Matthew G. Monforton
Mont. Bar No. 5245
MONFORTON LAW OFFICES,
PLLC
32 Kelly Court
Bozeman, MT 59718
matthewmonforton@yahoo.com
Telephone: (406) 570-2949

/s/ *Samantha Romero*
Samantha Romero
Cal. Bar. No. 344476*
Ethan Blevins
Mont. Bar No. 37415893
Caleb R. Trotter
Cal. Bar No. 305195*
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
SRomero@pacificlegal.org
EBlevins@pacificlegal.org
CTrotter@pacificlegal.org
Telephone: (916) 419-7111
* *Pro hac vice*

*Attorneys for Plaintiff Do No Harm*

## Certificate of Service

I hereby certify that on February 28, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to counsel of record who are registered with CM/ECF.

DATED: February 28, 2025.

/s/ *Samantha Romero*

Samantha Romero
Cal. Bar No. 344476**\***
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
SRomero@pacificlegal.org
Telephone: (916) 419-7111
**\*** *Pro hac vice*

/s/ *Matthew G. Monforton*
Matthew G. Monforton
Mont. Bar No. 5245
MONFORTON LAW OFFICES, PLLC
32 Kelly Court
Bozeman, MT 59718
matthewmonforton@yahoo.com
Telephone: (406) 570-2949

*Attorneys for Plaintiff Do No Harm*